**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TRAVON DEAUNDRE UNDERWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-200 (MTT)** |
| | ) | |
| **WILLIAM B FREEMAN et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>ORDER</u>**

Pro se Plaintiff Travon Deaundre Underwood filed this action and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. As discussed below, Underwood satisfies the requirements of poverty, and his motion to proceed IFP (Doc. 2) is **GRANTED**. Along with granting Underwood IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e). After screening, the Court concludes that Underwood's complaint is deficient. Accordingly, within twenty-one days of the entry of this order, Underwood is **ORDERED TO AMEND** his complaint as stated in this order. Failure to fully and timely comply with this order may result in the dismissal of this action.

# I. DISCUSSION[1]

## A. Financial Status

When considering a motion to proceed IFP filed under 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Where a Plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*. To show poverty, the plaintiff need not show that she is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

Here, Underwood's financial affidavit states that he is unemployed with an average monthly income of $0.00. Doc. 2 at 1-2. Accordingly, having read and

---

[1] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

considered Underwood's financial affidavit, the Court finds that Underwood is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

## B. Frivolity Review

Along with granting Underwood IFP status, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Underwood appears to challenge criminal proceedings in state court as well as his conditions of confinement in the Monroe County Jail.  Doc. 1 at 5.  However, Underwood has not linked any defendant to any alleged legal violations.  For example, Underwood alleges he was denied medication, but he does not say by who or how this was unlawful.  *Id.*  Nor does he explain how detention in the Monroe County Jail is allegedly "cruel and unusual."  *Id.*  Consequently, most of Underwood's allegations are conclusory and void of factual support.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

("[A] court [is not required to] accept … [Plaintiff's] legal conclusions."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (same).

Given Underwood's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010).  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Underwood must link any claims he makes to the named defendant.  If Underwood fails to link the named defendant to a claim, the claim will be dismissed; if Underwood makes no allegations against the named defendant, that defendant will be removed from the action and dismissed.  Underwood must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of his rights under a specific law. [3]  It is also recommended that, when drafting his "statement of claims," Underwood list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

_____

[3] If Underwood intends to assert a claim based on his criminal prosecution, he must amend his complaint to answer the following questions:

    (1)  What was the result of any charges he relies on as the basis for his claim(s)?  In other words, has he gone to trial?
    (2)  If so, when did he go to trial and what was the result of the trial?
    (3)  Did he enter a plea to any of the charges and, if so, when?
    (4)  Were the charges against him dropped and, if so, when?

(3) How was Underwood injured as a result of the defendant's actions?

## II. CONCLUSION

For the foregoing reasons, Underwood's motion to proceed IFP (Doc. 2) is

**GRANTED**.  Pursuant to 28 U.S.C. § 1915(e), Underwood is **ORDERED TO AMEND**

his complaint within twenty-one days of the entry of this order.  Failure to fully and timely

comply with this order may result in the dismissal of this action. [4]


**SO ORDERED**, this 15th day of July, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch*. Dist., 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).